UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTONIO V. MONTANO, | ) | 1:06-CV-0044 OWW LJO HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING MOTION TO |
| | ) | PROCEED IN FORMA PAUPERIS |
| v. | ) | [Doc. #3] |
| | ) | |
| STANISLAUS COUNTY, et al., | ) | ORDER DENYING MOTION TO APPOINT |
| | ) | COUNSEL |
| Respondents. | ) | [Doc. #2] |
| | ) | |

   Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

   On December 30, 2005, Petitioner filed an application to proceed in forma pauperis along with a certified copy of his prison trust account. Examination of these documents reveals that Petitioner is unable to afford the costs of this action. Accordingly, the motion to proceed in forma pauperis is GRANTED. See 28 U.S.C. § 1915.

   Also on December 30, 2005, Petitioner filed a motion to appoint counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984). However, Title 18 U.S.C. § 3006A authorizes the

1  appointment of counsel at any stage of the case "if the interests of justice so require." <u>See</u> Rule 8(c),

2  Rules Governing Section 2254 Cases.  In the present case, the Court does not find that the interests

3  of justice would be served by the appointment of counsel at the present time.  Accordingly,

4  Petitioner's request for appointment of counsel is DENIED without prejudice.

5  IT IS SO ORDERED.

6  **Dated:    January 25, 2006**               /s/ Lawrence J. O'Neill
   23ehd0                                       UNITED STATES MAGISTRATE JUDGE